UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

JAMES ANDREW LOHNES,

      Plaintiff,

      v.                                                       No. 2:22 CV 19

SUE, *et al.*,

      Defendants.

## OPINION and ORDER

James Andrew Lohnes, a prisoner without a lawyer, filed a complaint (DE # 1-1) in state court against Nurse Practitioner Sue, Nurse Practitioner Willie, Correctional Health Indiana, Lake County Jail, and Warden Michael A. Zenk. The defendants removed the complaint to federal court. (DE # 1.) "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Lohnes alleges that, to facilitate his transfer to the Reception and Diagnostic Center, he was transferred to the Receiving Department at the Lake County Jail at 1:00 a.m. on June 19, 2020. He remained there until approximately 8:00 a.m. During that time, he asked Nurse Practitioner Sue for his medications, which she knew were court-

ordered and have "devastating withdraw and side effects when not taken." (DE # 1-1 at 1.) She refused to give him his medication and told him he would suffer. Nurse Practitioner Willie also knew Lohnes' medications were court-ordered and associated with withdrawal if not taken. When Nurse Practitioner Sue refused to give Lohnes his medications, he asked Nurse Practitioner Willie for his medications. He too refused, stating "I have it now and you're not getting it – how does it feel to want?" (*Id.*) Lohnes alleges he suffered "extreme withdrawal, body pain, migraine headaches, diarrhea, dangerous anxiety including panic attacks, uncontrollable nervousness, and threw up for two days straight" because he was denied his medications by Nurse Practitioner Sue and Nurse Practitioner Willie while in the Receiving Department for approximately seven hours on June 19, 2020.

Under the Eighth Amendment, inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could

2

have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). Accepting the allegations of the complaint as true, as the court must at this stage of the proceedings, Lohnes has stated a claim against Nurse Practitioner Sue and Nurse Practitioner Willie.

Lohnes further alleges that Nurse Practitioner Sue and Nurse Practitioner Willie refused to provide him with his medications in retaliation for filing lawsuits in 2017 and 2018. Here, the alleged act of retaliation—refusing to provide medication—is the same act underlying the Eighth Amendment claim. Proceeding on different constitutional theories based on the same facts is redundant. *See Hambright v. Kemper*, 705 F. App'x 461, 462 (7th Cir. 2017) (affirming dismissal of Eighth Amendment claim because the same facts comprised a more applicable First Amendment claim); *Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005) (dismissing additional claims based on same circumstances because the claim "gains nothing by attracting additional constitutional labels"); and *Graham v. Connor*, 490 U.S. 386, 395 (1989) (analyzing allegations under the most "explicit textual source of constitutional protection"). Here, the most explicit constitutional provision is the Eighth Amendment. Lohnes would gain nothing by proceeding on a duplicate retaliation claim, and therefore this claim will be dismissed.

Lohnes has also sued Warden Michael A. Zenk, but he does not allege that Warden Zenk was involved in (or even knew about) the decision to deny him his medication. There is no general *respondeat superior* liability under 42 U.S.C. § 1983. *See Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id*. "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). Because Warden Zenk was not personally involved, Lohnes may not proceed against him.

Lohnes named Correctional Health Indiana as a defendant too. However, "a private corporation is not vicariously liable under § 1983 for its employees' deprivations of others' civil rights." *Johnson v. Dossey*, 515 F.3d 778, 782 (7th Cir. 2008). Because Lohnes' allegations against Correctional Health Indiana are based only on the alleged poor decisions that its staff made in connection with his care, he cannot proceed against Correctional Health Indiana.

Finally, Lohnes has sued the Lake County Jail. The jail is a building. It is not a suable entity. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). Therefore, he may not proceed against the jail.

For these reasons, the court:

(1) **GRANTS** James Andrew Lohnes leave to proceed against Nurse Practitioner Sue and Nurse Practitioner Willie in their individual capacities for monetary damages for refusing him his court-ordered medication -- knowing that he would experience

4

withdrawal symptoms -- between approximately 1:00 a.m. and 8:00 a.m. on June 18, 2020, in violation of the Eighth Amendment;

(2) **DISMISSES** all other claims;

(3) **DISMISSES** Warden Michael A. Zenk, Correctional Health Indiana, and Lake County Jail; and

(4) **ORDERS**, under 42 U.S.C. § 1997e(g)(2), Nurse Practitioner Sue and Willie Walker to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

**SO ORDERED.**

Date: February 16, 2022

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT