UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| **JAMES A. LOHNES,** | |
| **Plaintiff,** | |
| v. | No. 2:22 CV 19 |
| **SUE**, *et al.*, | |
| **Defendants.** | |

### OPINION and ORDER

James A. Lohnes, a prisoner without a lawyer, is proceeding in this case against Nurse Susan Ciesielski and Nurse Willie Walker "in their individual capacities for monetary damages for refusing him his court-ordered medication -- knowing that he would experience withdrawal symptoms -- between approximately 1:00 a.m. and 8:00 a.m. on June 18, 2020, in violation of the Eighth Amendment[.]" (DE # 6 at 4-5.) The defendants filed a motion for summary judgment. (DE # 81.) Lohnes filed a response and the defendants filed a reply. (DE ## 115, 116, 119, 120.) The summary judgment motion is now fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact

exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Under the Eighth Amendment, inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To be held liable for deliberate indifference to an inmate's medical needs, a medical professional must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008).

Furthermore, a prisoner is not entitled to demand specific care, nor is he entitled to the "best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Where the defendants have provided some level of care for a prisoner's medical condition, in order to establish deliberate indifference the prisoner must show that "the defendants' responses to [his condition] were so plainly inappropriate as to permit the inference that the defendants intentionally or recklessly disregarded his needs." *Hayes v. Snyder*, 546

F.3d 516, 524 (7th Cir. 2008). A mere disagreement with medical professionals about the appropriate treatment does not amount to an Eighth Amendment violation. *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003).

The defendants provide evidence showing the following facts: On the morning of June 19, 2020, Lohnes was scheduled to be transferred from the Lake County Jail to the Indiana Department of Corrections Reception and Diagnostic Center ("RDC") in Plainfield, Indiana. (DE # 81-2 at 1.) Around 4:00 a.m. central time ("CT"), Nurse Ciesielski prepared a discharge form to be sent to the RDC with Lohnes, which contained information about his current known allergies, diagnoses, and medications. (DE # 81-3 at 2; DE # 81-5 at 8-9.) Because Lohnes' medical condition was stable and he was in no apparent distress, he was deemed medically fit to travel to the RDC. (*Id.*) Around 7:00 a.m. CT, Lohnes was in the Intake area of the Lake County Jail when Correctional Officer Jeffrey Minchuk arrived to transfer him to the RDC. (DE # 81-2 at 1-2.) Lohnes "quickly became abrasive" and began to argue that he needed to take his medications before he could be transferred. (*Id.*) Lake County Jail's morning "med pass" typically occurs at 9:00 a.m. CT, so Lohnes had not yet received his daily medications. (DE # 81-3 at 3.) Officer Minchuk relayed Lohnes' concerns to Nurse Walker, who came and spoke with Lohnes. (DE # 81-2 at 2; DE # 81-5 at 10.) Lohnes informed Nurse Walker he was refusing to be transferred to the RDC until he received

his medications. (DE # 81-5 at 10.) After having a conversation with Lohnes,[1] Nurse Walker informed Officer Minchuk that Lohnes was medically cleared to leave. (DE # 81-2 at 2.) Medical staff gave Officer Minchuk a folder of medical papers to transfer to the RDC with Lohnes. (*Id.*) Officer Minchuk then transferred Lohnes to the RDC, which took approximately two and a half hours. (*Id.*) Lohnes arrived at the RDC around 9:30 a.m. CT[2] and was assessed by a nurse. (*Id.* at 2-3; DE # 81-6 at 2.) He expressed concerns about his medications and the intake supervisor requested an emergent evaluation. (DE # 81-6 at 3.) Lohnes was evaluated by medical staff at the RDC who addressed his medical concerns and determined he could be processed at the RDC. (*Id.* at 4-32.)

The defendants argue that they did not act with deliberate indifference when they sent Lohnes to the RDC without first providing him with his medications because they knew his ongoing medical treatment, including the administration of his medications, would be handled by the RDC's medical staff. (DE # 82 at 9-10.) They argue that their election to rely on the RDC's medical staff to provide his medications a mere two and a half hours later was reasonable and appropriate. (*Id.*) In his response, Lohnes argues that the defendants were deliberately indifferent in refusing to provide

---

[1] According to Lohnes' medical records, Nurse Walker offered Lohnes his heart medication during this conversation but Lohnes refused and demanded he receive all his medications. (DE # 81-5 at 10.) In his response, Lohnes asserts he was never offered any medications by Nurse Walker during this conversation. (DE # 115 at 3.) Construing these facts in the light most favorable to Lohnes, the court accepts as true that Lohnes was never offered any medications during this conversation.

[2] Because the RDC is located in the Eastern time zone, Lohnes' medical records list his arrival time as 10:30 a.m.

4

his medications prior to his transfer to the RDC because the delay in receiving his medications could have posed health risks. (DE # 115 at 1-4.)

Here, there is no evidence the defendants' decision to rely on the RDC's medical staff to provide Lohnes' daily medications represented "a substantial departure from accepted professional judgment, practice, or standards." *Jackson*, 541 F.3d at 697. Specifically, it is undisputed that the defendants medically cleared Lohnes for transfer to the RDC and provided a list of his medications to the transferring officer.[3] It is also undisputed that Lohnes was transferred to the RDC in approximately two and a half hours and evaluated by the RDC's medical staff around 9:30 a.m., only thirty minutes later than the typical "med pass" at the Lake County Jail. There is no evidence the defendants had any reason to believe that making Lohnes wait to receive his daily medications at the RDC would have any negative impact on his health, and Lohnes does not argue or provide any evidence that he had any issues receiving his medications once he arrived at the RDC. His belief that the defendants should have provided him his medications before his transfer to the RDC amounts to a mere

---

[3] Lohnes attempts to dispute this fact by asserting that "neither defendant" provided Officer Minchuk with "a prescription or summary of [his] medications." (DE # 115 at 3.) But Nurse Ciesielski attests the discharge form she prepared, including a list of Lohnes' medications, was "sent with Mr. Lohnes at the time of his transfer." (DE # 81-3 at 2.) And Officer Minchuk attests he received an envelope of medical papers from the Lake County Jail's medical staff and transported the envelope to the RDC. (DE # 81-2 at 2-3.) Lohnes provides no evidence disputing these attestations other than his own speculation, and he does not explain how he has any personal knowledge regarding what documents Officer Minchuk transported to the RDC. (DE # 81-2 at 2.) Additionally, Lohnes' medical records show the RDC had a full list of his medications at the time of his intake. (*Compare* DE # 81-6 at 15, *with* DE # 115 at 2.) Thus, the undisputed evidence shows the defendants provided Officer Minchuk with a list of Lohnes' medications.

disagreement with medical professionals, which is insufficient to show an Eighth Amendment violation. *See Ciarpaglini*, 352 F.3d at 331. Summary judgment is therefore warranted in favor of the defendants.

For these reasons, the court:

(1) **GRANTS** the defendants' summary judgment motion (DE # 81); and

(2) **DIRECTS** the Clerk to enter judgment in favor of the defendants and against James Andrew Lohnes and to close this case.

**SO ORDERED.**

Date: January 17, 2024

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT